IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEFONE DWAYNE PALOMO | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv354 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Stefone Dwayne Palomo, a federal prisoner at the Federal Correctional Complex located in Beaumont, Texas, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On September 2, 2015, in the Eastern District of Texas, the grand jury indicted movant and several co-defendants in a three-count indictment for conspiracy to possess with the intent to distribute 50 or more grams of actual methamphetamine (count one); five kilograms or more of cocaine HCL (count two); and 28 grams or more of crack cocaine (count three), all in violation of 21 U.S.C. §§ 841(a)(1) and 846. On October 17, 2016, pursuant to a written plea agreement, movant entered a plea of guilty to count one of the indictment and agreed to serve a sentence of 180 months' imprisonment, pursuant to FED. R. CIV. P. 11(c)(1)(C). As a result of movant's plea of guilty, the remaining counts against him were to be dismissed.

On November 15, 2016, the court accepted movant's plea of guilty, but the court deferred acceptance of the plea agreement and plea agreement addendum until after review of the presentence report. *See United States v. Palomo*, No. 1:15cr92(4) (E.D. Tex. May 4, 2017) (ECF No. 404). According to the presentence report, movant's statutory range of imprisonment was from 10 years to life, and his guidelines range was from 168-210 months. The probation officer recommended a 180-month sentence, however, based on the parties' stipulated sentence in the binding plea agreement. (ECF No. 423 at *5).

On May 4, 2017, the court entered judgment and sentenced movant to a term of 180 months' confinement, five years' supervised release, a $100.00 special assessment. The remaining counts against movant were dismissed by the Government.

Movant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. On August 7, 2018, the Fifth Circuit dismissed the appeal. *See United States v. Palomo*, No. 17-40946, 2018 WL 11335943 (5th Cir. 2018). Movant's petition for writ of certiorari was denied by the Supreme Court on December 10, 2018.

## The Motion to Vacate

Movant brings this motion to vacate, set aside or correct sentence asserting that his conviction and sentence should be vacated because he was denied the effective assistance by both trial counsel and counsel on appeal. Movant contends he relied on incorrect information from trial counsel based on a change in the law concerning his status as a career offender made just prior to his plea of guilty. (ECF No. 1 at *4-16). Additionally, movant contends appellate counsel should have claimed plain error on direct appeal, not the ineffective assistance of counsel claim asserted.

The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts that movant's claims lack merit and are not supported by the record. Accordingly, the respondent asserts the motion should be denied.

I.   *Standard of Review*

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 112 S.Ct. 2319 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). "After conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1992) (quoting *United States v. Frady*, 456 U.S. 152 (1982)). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*,

955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

Analysis

*I.     Plea Agreement*

In this case, movant pleaded guilty pursuant to a binding written plea agreement. Movant's plea agreement advised him of his rights, the nature of the charges against him, and contained a limited waiver of the right to appeal or otherwise challenge his conviction and sentence. Paragraph One of movant's written plea agreement provides:

> 1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:
>
>    a.   to plead not guilty;
>
>    b.   to have a trial by jury;
>
>    c.   to have guilt proved beyond a reasonable doubt;
>
>    d.   to confront and cross-examine witnesses and to call witnesses in defense; and
>
>    e.   to not be compelled to testify against oneself.

Paragraph Two provides:

> 2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the third superseding indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with the intent to distribute a controlled substance, namely, 50 grams or more of "actual" methamphetamine. The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

Paragraph Three of the plea agreement provides:

> 3. **SENTENCE:** The maximum penalties the Court can impose include:
>
> a. imprisonment for a period not less than ten (10) years, but not to exceed live;
>
> b. a fine not to exceed $10,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
>
> c. a term of supervised release of not more than five (5) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;
>
> d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;
>
> e. forfeiture of property involved in or traceable to the criminal offense;
>
> f. restitution to victims or to the community; and
>
> g. costs of incarceration and supervision.

Paragraph Four of the written plea agreement provides:

> 4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)**: The parties agree that the following stipulations yield the appropriate sentence in this case:
>
> The appropriate sentence is 180 months' imprisonment. The parties have not stipulated as to what other punishment the court may impose.

Paragraph Seven of movant's written plea agreement provides:

> 7. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax-related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining charges against this defendant.

Paragraph Nine of movant's written plea agreement provides:

> 9. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

Paragraph Ten of movant's written plea agreement provides:

> 10. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure to the Court, after accepting this agreement, to impose a sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Paragraph Twelve of movant's written plea agreement provides:

> 12. **REPRESENTATION OF COUNSEL:** The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Paragraph Fourteen of movant's written plea agreement provides:

> 14. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

## II.   *Ineffective Assistance of Counsel*

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI.  A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986).  Plea negotiations are a critical phase of litigation in criminal proceedings and subject to the Sixth Amendment right to effective assistance of counsel. *See United States v. Rubio*, 629 F.3d 490, 493 (5th Cir. 2010).

The Supreme Court has addressed the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  In order to show that counsel was ineffective a petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.  In order to demonstrate the first prong of this test, a petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 688).  In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that

7

petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). A petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland,* 466 U.S. at 694)). "The possibility of a different outcome is not enough." *United States v. Megwa*, No. 20-10877, 2021 WL 3855498 (5th Cir. 2021). Instead, "the defendant must demonstrate that the prejudice rendered [the proceeding] fundamentally unfair or unreliable." *Crane*, 178 F.3d at 313 (quoting *Lockhart*, 506 U.S. at 369). Further, a reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In *Missouri v. Frye,* 566 U.S. 134, 138 - 145 (2012) and *Lafler v. Cooper,* 566 U.S. 156, 162-163 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. In *Frye,* the Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 566 U.S. at 145. The Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington. Id.* at 145-147. In *Lafler,* the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 566 U.S. at 166. A petitioner must

demonstrate that "the outcome of the plea process would have been different with competent advice." *Id*. at 163. Further, counsel's erroneous estimate as to the length of sentence is not "necessarily indicative of ineffective assistance." *Beckham,* 639 F. 2d at 265. To establish ineffective assistance of counsel, movant must prove that counsel's performance was deficient and prejudicial. *See Strickland*, 466 U.S. at 687.

When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981); *Brady v. United States*, 397 U.S. 742, 756 (1970). "It is equally essential that the attorney advise a defendant of possible consequences where ... the defendant withdraws a negotiated guilty plea and stipulated sentence in the minimum range and instead stands trial and faces the maximum sentence." *Id.* Further, collateral relief is appropriate where trial counsel was ineffective by giving a defendant substandard advice about his sentence exposure under the Sentencing Guidelines during plea negotiations. *United States v. Day*, 969 F.2d 39, 44 (3rd Cir. 1992).

III.    *Trial Counsel - Voluntariness of the Plea*

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994). "[A]n ineffective assistance of counsel argument survives a

9

waiver of appeal only when the claimed assistance directly affected the validity of the waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

In this case, movant specifically reserved the right to assert claims of ineffective assistance of counsel. Therefore, movant's claims against counsel are not waived to the extent they go to the voluntariness of the plea.

  a. <u>Change of Plea Hearing</u>

On October 17, 2016, movant appeared before the magistrate judge for his Change of Plea Hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the court found that movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was a knowing, voluntary and freely made plea. *Palomo*, No. 1:15cr92 (ECF No. 400 at *2). Additionally, the court found movant's knowing, voluntary and freely made plea was supported by an independent factual basis establishing each of the essential elements of the offense and movant realized his conduct falls within the definition of the crimes charged under 21 U.S.C. § 846. *Id.* Following the hearing, the magistrate judge entered a Report recommending that the district court accept the guilty plea as to Count One of the Third Superseding Indictment. *Id.* at *3-4.

Further, as set forth above, movant had signed a Factual Basis establishing each of the essential elements of the offense. *Palomo*, No. 1:15cr92 (ECF No. 395). Paragraph Four of the Factual Basis states: "[H]ad this matter proceeded to trial, the government, through the testimony of witnesses . . . and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the superseding indictment; specifically, the government would have proven the following stipulated facts . . . ." (ECF No. 395 at *1-2). The

following pages detailed movant's participation with several co-defendants in a drug trafficking organization which sought large quantities of methamphetamine and cocaine HCL from suppliers in Mexico and Columbia and then redistributed those narcotics to customers located within the United States, including the Eastern District of Texas and Western District of Louisiana. *Id.* at *2-12. Both movant and counsel signed the Factual Basis, acknowledging movant had read the Factual Basis and Stipulation and the Indictment, or had them read to him and had discussed them with his attorney. Movant acknowledged that he fully understood the contents of the Factual Basis and Stipulation and agreed without reservation that it accurately describes the events and his acts, and he is knowingly and voluntarily agreeing to the stipulated facts. *Id.* at *12-13.

    b.    Sentencing Hearing

Movant claims that he was denied the effective assistance of trial counsel because he relied on incorrect information from counsel based on a change in the law concerning his status as a career offender made just prior to his plea of guilty. Movant states counsel never informed him of the change in the law regarding his career offender determination after the Fifth Circuit decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (holding defendant's prior Texas conviction for delivery of heroin did not qualify as controlled substance offense under the career offender enhancement).

A review of the record reveals movant's current assertions are contradicted by the record in this case. Movant was aware of his rights and voluntarily entered a plea of guilty. Further, at the Sentencing Hearing conducted on May 2, 2017 (ECF No. 460), trial counsel stated he had explained that at the time the plea was negotiated, movant was a career offender according to existing law. Counsel further explained that he was still within the guideline range. Additionally, counsel related

that while he was aware movant had some complaints about attorneys prior to him, movant had no complaints as to his conduct. Movant then confirmed that was correct. (ECF No. 460 at *7).

The court stated that movant's complaints on the day of the hearing were really a concern, and the court could not proceed with sentencing if movant was taking the position that his plea was involuntary. Movant was offered an opportunity to withdraw his plea agreement. The court reminded movant he could jeopardize the agreement and, if he went to trial, he might be facing a lot more imprisonment time if convicted. The court then took a break from the sentencing hearing to allow movant to confer with his counsel. (ECF No. 460 at *8-9).

After the recess, movant informed the court that he accepted responsibility and the plea agreement. The court then inquired whether the plea agreement was knowingly and voluntarily made and signed, and movant confirmed that it was. Movant further stated that he wanted to go forward with the agreement for 180 months. Counsel then confirmed that the plea was free and voluntary, and that movant was fully advised of all of the ramifications that could happen if he went to trial. (ECF No. 460 at *13).

The court again asked movant if he wanted to proceed with sentencing at that time, and movant confirmed that he did. The court then inquired whether movant wanted to withdraw his claim that his plea was involuntary, and movant stated he did not want to withdraw it and wanted to proceed. Again, to clarify, the court asked whether he wanted to withdraw his plea to the court. Movant confirmed he did not want to withdraw his plea, that his plea was voluntary, and that he wanted to go forward with sentencing pursuant to the plea agreement for 180 months. (ECF No. 460 at *13-14). The court then proceeded with the sentencing.

As set forth above, review of the record in this case reveals that movant's current assertions are directly contradicted by his assertions made in open court. Movant's current assertions otherwise do not compel the conclusion that his plea was either unknowing or involuntary. Movant has provided insufficient support for his claim against counsel. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)). In light of the statements movant made as part of the plea agreement, the information in the Factual Basis and Stipulation, and the statements movant made in open court at the sentencing hearing, it cannot be concluded that movant's plea was involuntary or unknowingly entered. Accordingly, movant has failed to show deficient performance on the part of trial counsel relating to his claims. As a result, movant's claim that his plea was involuntary is without merit. Moreover, the record demonstrates the outcome of the process would not have been different with competent advice because movant chose to continue with his plea of guilty after admittedly receiving competent advice and being fully aware of the change in law. Thus, movant has failed to show any prejudice related to his claims against trial counsel. Therefore, movant's claims are without merit, and the motion to vacate should be denied and dismissed.

IV.   *Appellate Counsel*

Movant complains that appellate counsel "furnished a fair brief," but should have claimed plain error on appeal instead of ineffective assistance of counsel. Further, movant complains that appellate counsel "even stated that there were no meritorious issues for [appeal]." (ECF No. 1 at *16).

The *Strickland* analysis also applies to claims of ineffective assistance of appellate counsel. *Amador v. Quarterman*, 458 F.3d 397, 411 (5th Cir. 2006). A petitioner's claim of ineffective assistance of counsel must be stated with specificity. *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007). Conclusional allegations and generalized assertions will not suffice to require an evidentiary hearing. *Id.* Mere allegations of prejudice are insufficient; petitioner must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

In order to show ineffective assistance of counsel on appeal, movant must show: (1) counsel acted unreasonably in failing to discover arguable, nonfrivolous issues for appeal and (2) he suffered prejudice, namely that there is "a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel need not raise frivolous issues to render effective assistance on appeal. Further, appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288.

Here, movant cannot show that appellate counsel rendered ineffective assistance of counsel in failing to file an appellate brief on the merits because he has identified no non-frivolous issue that could have been raised on direct appeal. Movant must first show that his counsel was objectively unreasonable which he has not done. *See Smith*, 528 U.S. at 285 (finding that when the petitioner asserts appellate counsel erroneously failed to file a merits brief, he must show that a reasonably competent attorney would have found at least one of his claims presented a non-frivolous issue).

14

For the reasons set forth above, Movant has failed to show either deficient performance or prejudice regarding appellate counsel. As a result, Movant's claims against appellate counsel should be denied and dismissed.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 15th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge